IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DESHAUN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-072 |
| | ) | |
| FAIRVIEW PARK HOSPITAL INC.; | ) | |
| HCA HEALTHCARE INC.; and | ) | |
| DR. SARAH HAZIM AL MANSI, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.   SCREENING THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names the following defendants: (1) Fairview Park Hospital ("FPH"), (2) HCA Healthcare, Inc. ("HCA"); and (3) Sarah Hazim Al Mansi, a doctor at FPH. (Doc. no. 1, pp. 1-3.) Plaintiff is a Georgia resident and lists a Georgia address for Defendants FPH and Dr. Hazim Al Mansi; Plaintiff provides a Tennessee address for Defendant HCA. (Id. at 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

While admitted as a patient to FPH on August 2, 2021, Plaintiff, who had a stage four cancerous tumor in his back, was accidentally given the wrong medication. (Id.) The wrong medication caused him excruciating pain, which required administering morphine, but a disrespectful nurse took fifteen minutes to get the morphine after Plaintiff reported his pain. (Id. at 5.) Additionally, Plaintiff "was also almost accidentally given diabetic medication" during his stay FPH. (Id. at 4.) Plaintiff requests over $6 billion in damages paid in cryptocurrency, as well as all of Defendant HCA's stock, subsidiaries, and intellectual property. (Id. at 6.) He seeks an additional $3 billion from Defendant FPH and $7 million from Defendant Dr. Hazim Al Mansi. (Id.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a state medical malpractice claim for which there is no federal jurisdiction. Though Plaintiff filed this suit using a form complaint for violations of civil rights, (doc. no. 1, p. 1), Plaintiff fails to identify any federal claim or cause of action. He solely asserts a state law claim for medical malpractice.

Nor has Plaintiff plead the facts necessary for diversity jurisdiction, which, as explained above, requires diversity of citizenship and an amount in controversy exceeding $75,000. While a federal court could have diversity jurisdiction over a state law medical malpractice claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction. Based on the information in the complaint, Plaintiff, a Georgia resident, is not completely diverse from all Defendants, as Plaintiff provides Georgia addresses for two of the three named Defendants, FPH and Dr. Hazim Al Mansi. See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) ("Diversity jurisdiction requires complete diversity between named plaintiffs and defendants. For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where

it has its principal place of business." (citations omitted)).

Plaintiff also has not plausibly alleged the amount in controversy exceeds $75,000. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith," and the Court finds Plaintiff's claim for billions in damages is not made in good faith. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). In fact, Plaintiff has recently had a complaint dismissed as frivolous in the United States District Court for Northern District of Georgia partly because of a similar request for billions of dollars in cryptocurrency. See Williams v. Encompass Health Rehab. Hosp., No. 3:22-cv-110-TCB, doc. no. 4 (N.D. Ga. June 24, 2022). The Court need not make such a frivolity determination here, however, because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts. Thus, his complaint is subject to dismissal.

II. **CONCLUSION**

As Plaintiff has not satisfied the requirements for invoking the Court's subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 18th day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA